IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY MCCURDY | : CIVIL ACTION |
|     Plaintiff | : |
| | : |
|   v. | : |
| | : |
| | : |
| JOAN ESMONDE, ESQUIRE AND | : |
|   HON. LYNNE ABRAHAM, | : |
|     Defendants | :   No. 02-4614 |

**MOTION TO DISMISS COMPLAINT AND AMENDED COMPLAINT**

TO THE HONORABLE JAN E. DUBOIS, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

    Defendants District Attorney Lynne Abraham (the "District Attorney") and Assistant District Attorney Joan Esmonde ("ADA Esmonde"), in their individual and official capacities, by counsel, respectfully move to dismiss the Complaint and Amended Complaint (the "Complaint"). In support thereof, defendants aver:

    1.    Plaintiff has failed to establish this Court's subject matter jurisdiction. The Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Rooker-Feldman doctrine because the claims plaintiff raises are inextricably intertwined with pending state court proceedings.

    2.    Even if plaintiff had established jurisdiction, the Court should abstain from exercising it, based on principles of comity and federalism.

    3.    Even if this Court has jurisdiction and elects to exercise it, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), because: (a) plaintiffs' individual capacity claims against ADA Esmonde are barred by the doctrine of

absolute immunity; (b) plaintiff has stated no individual capacity claim against the District Attorney because he does not allege that she participated in the underlying state proceeding; (c) plaintiff has stated no official capacity claim against ADA Esmonde because ADA Esmonde is not a policymaker for the District Attorney's Office; and (d) plaintiff has stated no official capacity claim against the District Attorney because plaintiff waived any issue, including constitutional claims with respect to the state court proceedings, when he consented on the record to the entry of the underlying order for child support.  He has also failed to adequately plead an official capacity claim based on alleged policies and inadequacies in training.

    4.    Defendants hereby incorporate the accompanying Memorandum of Law in support of their Motion to Dismiss the Complaint.

    WHEREFORE, defendants respectfully requests that this Court grant their Motion To Dismiss and dismiss the Complaint with prejudice.

Respectfully submitted,

Karen A. Brancheau
Chief, Civil Litigation Unit
Philadelphia District Attorney's Office
1421 Arch Street
Philadelphia, PA  19102

Counsel for District Attorney Lynne Abraham and Assistant District Attorney Joan Esmonde

September 13, 2002