IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY MCCURDY     Plaintiff | : CIVIL ACTION : : |
| v. | : : : |
| JOAN ESMONDE, ESQUIRE AND HON. LYNNE ABRAHAM,     Defendants | : : : No. 02-4614 |

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW CONTRA
DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JAN E. DUBOIS, JUDGE OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

    Defendants District Attorney Lynne Abraham and Assistant District Attorney Joan Esmonde, by counsel, respectfully reply to Plaintiff's Memorandum of Law Contra Defendants' Motion to Dismiss (the "Memorandum), as follows:

**I. The Complaint should be dismissed for lack of subject matter jurisdiction.**

    Plaintiff's assumption that the Court must accept all of the allegations in the Complaint as true for purposes of a motion to dismiss under Rule 12(b)(1), is only partly correct. It is correct where the jurisdictional issue arises from the face of the Complaint. It is not accurate where, as here, the challenge is factual. The case plaintiff cites, <u>NE HUB Partners, L.P. v. CNG Transmission Corp.</u>, 239 F.3d 333, 341 (3d Cir. 2001), says exactly that. <u>See</u> <u>also</u> <u>Mortensen v. First Federal Savings and Loan Ass'n.</u>, 549 F.2d 884, 891 (3d Cir. 1977). Where, as here, the challenge is factual, the Court's power to hear the case is in question, so "no presumptive truthfulness attaches to plaintiff's allegations.

Accordingly, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

All of the issues plaintiff raises in the Complaint and Amended Complaint are matters that were or could have been raised in state court and are, in fact, the subject of a state court appeal. In the Memorandum, plaintiff appears to change the nature of his claim. He now asserts that he is "not concerned" with the May 1, 2002, support order, but only with the July 11, 2000, non-distribution order. This is somewhat surprising since plaintiff's "concern" with the May 1, 2002, order pervades the Complaint in its numerous allegations concerning defendant Esmonde's handling of the entire support case. Plaintiff cannot now recast the nature of the claim to survive Rooker-Feldman. Pawlek v. Nix, No. Civ. A. 95-5265, 1996 WL 560360, at *4 (E.D. Pa. 1996) ("A manufactured effort to redefine the relief sought cannot circumvent the *Rooker-Feldman* bar") (collecting cases). Plaintiff's argument that the July 11, 2000, order is not related to the May 1, 2002, support order is disingenuous. If the earlier order was improperly obtained or entered in violation of plaintiff's constitutional rights, as he claims, then the child support order was erroneous because the funds sequestered by the July order should not have been available to satisfy the support order.

Indeed, but for the support order, plaintiff would have no claim with respect to the July 11, 2000, order. That is because pursuant to that order, the funds were entrusted to plaintiff's lawyer, counsel in this case, who presumably held them in an interest-bearing account.[1] Thus, plaintiff had no constitutional injury to allege until the court ordered

---

[1] Throughout most of the pendency of the support matter plaintiff was incarcerated and he is now incarcerated and awaiting trial on rape charges. Commonwealth v. Bobby McCurdy, Philadelphia Court of Common Pleas No. 941, February Term, 1997.

support. The July order was but one step on the way to the order for support and, as such, is inextricably intertwined with the support order.

Moreover, even if plaintiff had suffered injury from the July 11, 2000, order (and assuming he is withdrawing all claims in the Complaint unrelated to that order), Rooker-Feldman bars litigation of that order in federal court as well. If, as Plaintiff alleges, he had no advance notice of the July 11, 2000, non-distribution order, he could have asked for reconsideration the very day he received the order pursuant to Pa.R.Civ.P. 1910.26, and the case would have been listed for a prompt hearing. He also could have contested the propriety of that order at every step of the way in the state trial court over the next two years before the support order was entered on May 1, 2002; and he could have sought reconsideration of the July 11, 2000, order in the trial court after support was ordered. That he elected not to do so until his currently pending state court appeal, and now in this federal action, does not change the fact that Rooker-Feldman bars this suit.[2]

A plaintiff cannot decline to litigate in state court and overcome the jurisdictional bar by arguing that he did not litigate in state court. Rooker-Feldman applies to claims that were raised or could have been raised in state court, and it applies to issues that were waived in state court as well, as long as there was a reasonable opportunity to litigate, and here there clearly was and is.

Although plaintiff cites several cases for the proposition that the Rooker-Feldman doctrine does not bar jurisdiction when the plaintiff was not *permitted* to litigate the claim in state court these are not controlling here, where plaintiff had every opportunity to raise

---

[2] Plaintiff has, in fact, raised issues concerning the non-distribution order in his state court appeal. Motion to Dismiss, Exhibit J, Matters Complained of on Appeal, ¶10.

3

his claim in state court. For example, in Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983), the plaintiff had no notice of the judgment until eleven months after it was issued and accordingly, had no reasonable opportunity to appeal. Here, plaintiff had more than a reasonable opportunity to litigate his claims in the state trial court and is doing so now in the Superior Court. That he chose not to press some of his issues in the state trial court cannot confer jurisdiction.

Plaintiff's contention that the Rooker-Feldman doctrine is inapplicable because he is not complaining about the support order, but about an alleged policy in the District Attorney's Office is entirely misplaced. The exception carved out in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), was for challenges to a state rule or procedure, not a policy that an entity supposedly has. See Centifanti v. Nix, 865 F.2d 1422, 1427 (3d Cir. 1989) (where federal court is asked to consider validity of state bar rule, Rooker-Feldman does not apply). Nor should the Complaint survive the jurisdictional challenge because it contains a claim against the District Attorney's Office. If this Court considers the merits of this claim against the Office, then it would have to consider the propriety of Joan Esmonde's conduct in the state proceeding. And, that is an issue that was or could have been decided in the state court. Hughes v. MacElree, No.CIV.A. 97-3304, 1997 WL 733609, at *3 (E.D. Pa. 1997).[3]

Plaintiff raises several issues in the Memorandum's procedural history that firmly demonstrate why the claims belong in state court. For example, relying on Humphreys v. Deross, 790 A.2d 281 (Pa. 2002), he claims that his "inheritance" is not subject to the

---

[3] To the extent that Plaintiff purports to bring an official capacity claim, he has failed to adequately plead a claim based on Monell v. New York Department of Social Servs., 436 U.S. 658 (1978).

4

Pennsylvania child support statute. Even assuming that the funds plaintiff received in connection with the settlement of a civil rights suit can be characterized as an inheritance, Humphreys, which interpreted the Pennsylvania Domestic Relations Act, was decided in February, 2002. Yet, neither before nor after the support hearing on May 1, 2002, did plaintiff ever make an argument to the state trial court based on Humphreys. Similarly, plaintiff's claim that the Complaint for Support could not be revived by a Motion for Special Relief, as was done, but only by appealing the order dismissing that complaint, is also a claim that could and should have been litigated in state court.[4] Each of these claims is inextricably intertwined with the support order. Plaintiff cannot ask this Court to consider these uniquely state law issues that he chose not to raise in state court.

The July 11, 2000, order is unquestionably intertwined with the support order because, if the order was improper, it may well be that the support was entered improperly. Plaintiff cannot obtain jurisdiction by retreating from the allegations in his Complaint. He has raised a number of claims concerning the support case, including the July 11, 2000, non-distribution order in his state court appeal and that is where the claims belong.

**II.    Younger abstention is also appropriate.**

Plaintiff maintains that Younger abstention is not applicable because he is claiming an unconstitutional practice. The case he cites, Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169 (3d Cir. 1989), did not hold that Younger abstention is inapplicable where an unconstitutional

---

[4] Bower v. Blom, 766 A.2d 1259 (Pa. Super. 2001), which plaintiff cites, did not hold that a Complaint cannot be revived by a motion for special relief. It merely held that the trial court did not abuse its discretion in refusing to order support retroactive to the original complaint when that complaint had been dismissed by agreement of the parties.

5

practice is alleged. It simply noted that no impediment prevented the appellants from raising their constitutional concerns in state court. Id. at 173-74. Whether the appellants believed they adequately raised their constitutional concerns in state court "is immaterial;" Younger applies when there is no inherent bar to raising the federal issue in state court. Id. There has been none here.

**III.    Absolute immunity bars plaintiff's individual capacity claims.**

Plaintiff appears to fundamentally misunderstand the doctrine of absolute prosecutorial immunity. It applies even where it is claimed that the prosecutor engaged in "egregious conduct." See Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutor's presentation of fabricated evidence absolutely immune); Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992) (personal motives irrelevant to prosecutorial immunity, which applies even when prosecutor brings charges without a good faith belief that they are true). Kalina v. Fletcher, 522 U.S. 118 (1997), does not hold otherwise. In Kalina, the Supreme Court held that the prosecutorial acts of preparing an information and application for an arrest warrant were protected by absolute immunity. However, swearing to an affidavit of probable cause for arrest (which contained some inaccuracies) was not absolutely immune because the prosecutor was performing the function of a *witness*, and not an *advocate*. The latter act, however, would be subject to qualified immunity. The Supreme Court did not say that the prosecutor's statements in Kalina amounted to "misconduct," as plaintiff claims. From the Court's opinion, it appears that the prosecutor may simply have been misinformed when she made the statements.

Plaintiff's individual capacity claims are barred by absolute immunity. Ernst v. Child and Youth Servs. of Chester County, 108 F.3d 486, 497 (3d Cir. 1997).

6

For these reasons, and those in their Motion to Dismiss, defendants respectfully request that this Court dismiss the Complaint and Amended Complaint.

                                      Respectfully submitted,


                                      Karen A. Brancheau
                                      Chief, Civil Litigation Unit
                                      I.D. No. 37815
                                      District Attorney's Office
                                      1421 Arch Street
                                      Philadelphia, PA  19102
                                      (215) 686-5771

                                      Counsel for District Attorney
                                      Lynne Abraham and Assistant
                                      District Attorney Joan Esmonde

October 25, 2002